**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| BRECK C. COLLINGSWORTH; CAMERON GENERAL CONTRACTORS, INC.; RESORT LIFESTYLE COMMUNITIES, INC.; COLLINGSWORTH MANAGEMENT LLC; THE BRECK AND TRACY COLLINGSWORTH FAMILY, LLC; and THE BRECK AND TRACY COLLINGSWORTH FAMILY II, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MATTHEW M. MAUDE, individually,<br><br>Defendant. | Civil Action No. 4:26-cv-3324<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Matthew M. Maude ("Defendant"), hereby gives notice of removal of Case No. CI 26-3232 from the District Court for Lancaster County, Nebraska, to the United States District Court for the District of Nebraska. In support of this Notice of Removal, Defendant states as follows:

## <u>BACKGROUND</u>

1. On or about August 25, 2026, Plaintiffs Breck C. Collingsworth; Cameron General Contractors, Inc.; Resort Lifestyle Communities, Inc.; Collingsworth Management LLC; The Breck and Tracy Collingsworth Family, LLC; and The Breck and Tracy Collingsworth Family II, LLC (collectively, "Plaintiffs") commenced an action against Defendant in the District Court for Lancaster County, Nebraska, entitled *Breck C. Collingsworth, et al. vs. Matthew M. Maude*, Case No. CI

26-3232 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a true and accurate copy of the process, pleadings, and orders served upon Defendant in the State Court Action to date, including the Complaint and attachments received by Defendant, are attached as **Exhibit A**.

2. Defendant has not yet answered, moved, or otherwise responded to the Complaint in the State Court Action. Plaintiffs and Defendant stipulated that the deadline for Defendant to respond to the Complaint is Friday, October 2, 2026, with Defendant having filed his Voluntary Appearance and Stipulation on Responsive Pleading Deadline on August 31, 2026.

3. Plaintiffs' Complaint asserts causes of action against Defendant for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Breach of Fiduciary Duty, Breach of Attorney-Client Duties and Privilege, Violation of the Nebraska Trade Secrets Act (Neb. Rev. Stat. § 87-501 Et Seq.), Violation of the Defend Trade Secrets Act (18 U.S.C. § 1836 *et seq.*), Violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030), Conversion, Tortious Interference with Contractual Rights, Tortious Interference with Business Relationships, Unjust Enrichment, Slander (Defamation Per Se), and Declaratory Judgment.

## Grounds for Removal – Federal Question Jurisdiction

4. 28 U.S.C. § 1441 establishes when an action may be removed from a state court to a district court of the United States. 28 U.S.C. § 1441(a) states that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to

the district court of the United States for the district and division embracing the place where such action is pending."

5. This Court's subject matter jurisdiction, and the basis for removal, is founded upon 28 U.S.C. § 1331.

6. 28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

7. The Complaint pleads a claim for violation of the Defend Trade Secrets Act (18 U.S.C. § 1836 *et seq.*) (the "DTSA"), and a claim for violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030) (the "CFAA"), amongst several other state law claims.

8. Because the DTSA and CFAA claims arise under the laws of the United States, they satisfy 28 U.S.C. § 1331 and support removal under 28 U.S.C. § 1441(a).

9. This Court has supplemental jurisdiction over all state law claims in the Complaint because those claims are so related to the claims arising under the DTSA and CFAA that they form part of the same case or controversy under Article III of the United States Constitution. *See* 28 U.S.C. § 1367. The state law claims do not raise complex issues of State law, do not substantially predominate over the DTSA and CFAA claims, and no exceptional circumstances exist to provide compelling reasons for declining jurisdiction over the state law claims. *See id.*

10. The United States District Court for the District of Nebraska is the proper venue for removal because it embraces the place where this action is pending.

*See* 28 U.S.C. §§ 1441(a) and 1446(a).

11. Defendant is the sole defendant in this action.

**Removal is Timely**

12. 28 U.S.C. § 1446 establishes the procedure for removal of civil actions.

13. 28 U.S.C. § 1446(b) sets forth, in part: "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…" The 30-day removal window begins once service occurs. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

14. Defendant voluntarily accepted service of process of the Complaint on August 31, 2026.

15. This Notice of Removal has been timely filed within 30 days after Defendant was served with the Complaint.

**All Other Procedures for Removal Have Been or Will Be Followed**

16. 28 U.S.C. § 1446(a) requires defendants seeking to remove a civil action to file "a copy of all process, pleadings, and orders served upon such . . . defendants in such action." The documents attached hereto at **Exhibit A** include "all process, pleadings and orders served" upon Defendant in the State Court Action to date.

17. As required by 28 U.S.C. § 1446(d), all adverse parties to this action have been provided with written notice of the filing of this removal, as evidenced by the attached Certificate of Service.

18. Defendant will cause to be filed with the District Court for Lancaster County, Nebraska a copy of this Notice of Removal, as required by 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal.

19. By filing this Notice of Removal, Defendant does not waive any defense that may be available to him, including, but not limited to, service, service of process, sufficiency of process, venue, or jurisdiction, and specifically reserves the right to assert any defenses and/or objections to which it may be entitled.

WHEREFORE, Defendant respectfully requests that the matter filed in the District Court of Lancaster County, Nebraska, and captioned as *Breck C. Collingsworth, et al. v. Matthew M. Maude*, Case No. CI26-3232, be removed to the United States District Court for the District of Nebraska.

DATED this 24th day of September 2026.

MATTHEW M. MAUDE, Defendant.

By: */s/Marnie A. Jensen*

Marnie A. Jensen (NE #22380)
Kamron T.M. Hasan (NE #25494)
Alexa B. Barton (NE #27010)
Kevin S. Grossaint (NE #28134)
HUSCH BLACKWELL LLP
14606 Branch Street, Suite 200
Omaha, NE 68154
Telephone: (402) 964-5000
Fax: (402) 964-5050
Marnie.Jensen@huschblackwell.com
Kamron.Hasan@huschblackwell.com
Allee.Barton@huschblackwell.com
Kevin.Grossaint@huschblackwell.com
*Attorneys for Defendant Matthew M. Maude*

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing on the following counsel of record via U.S. Mail, postage prepaid, and electronic mail, this 24th day of September 2026 to:

Gregory C. Scaglione
Trevor J. Lee
Koley Jessen P.C., L.L.O.
One Pacific Place, Suite 800
1125 South 103rd Street
Omaha, NE 68124-1079
Greg.scaglione@koleyjessen.com
Trevor.lee@koleyjessen.com

*/s/ Marnie A. Jensen*